F. M. ALEXANDER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed January 30, 1919.

Where a motion supported by affidavits, is denied by the trial court, and the aggrieved parties desires the matter ot be reviewed by the Supreme Court on writ of error, a bill of exceptions is necessary to bring before this court the evidence presented to the lower court.

A Writ of Error to the Criminal Court of Record for Duval County; J. M. Peeler, Judge.

Judgment affirmed.

*J. D. Sparks,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *W. W. Trammell,* Assistant, for the State.

BROWNE, C. J.—The plaintiff in error was informed against in the Criminal Court of Record for Duval County for grand larceny, plead "guilty" and was sentenced all on the same day. Two days thereafter he made a motion to set aside the sentence and judgment of the court, and to be allowed to withdraw his plea of guilty, to demur to the information and move to quash same, and if the demurrer was overruled and the motion to quash denied, that he be allowed to enter his plea of "not guilty" and go to trial before a jury.

The motion alleged certain matters of fact, and several affidavits were presented in its support.

Although the motion was made after judgment and sentence, it was made within four days of the entry of the plea of "guilty" and in so far as it may be treated as a motion for a new trial, it was made within the time prescribed by the statute, and whatever rights the plaintiff in error may have had, he was not barred from exercising them by the imposition of sentence before the expiration of the four days.

Writ of error was sued out, and the case comes before us on the transcript of the record as certified to by the Clerk of the Criminal Court of Record.

Matters of fact set out in such a motion do not prove themselves, and it was proper as was done in this case to support the motion by affidavit or other competent testimony.

There is no bill of exceptions, however, in the case, and as that is the only way in which the evidence presented to the Judge of the Criminal Court in support of the motion could be brought before this court, or by

which we can be advised that there was no other evidence presented to the lower court, we cannot say that the court erred in denying the motion, and the judgment must be affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.